UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEITH R. McCANTS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-673-RLM-MGG |
| SUEZANNE WEBSTER and ALMON, | |
| Defendants. | |

OPINION AND ORDER

Keith R. McCants, a prisoner without a lawyer, filed a complaint alleging he was forcibly medicated at the Indiana State Prison. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. McCants alleges he reported a problem with his right leg to the guard in charge of his cell house on the evening of October 11, 2020. When asked by the guard, Mr. McCants acknowledged it wasn't a medical emergency and could wait until after shift change. He was taken later to medical where he told Correctional Officer Almon and Nurse Suezanne Webster he believed he had lice or scabies. He alleges that they

knowingly and falsely accused him of being under the influence of drugs so they could forcibly administer Narcan even though he refused the medication.

Inmates have a Fourteenth Amendment due process liberty interest in "refusing forced medical treatment while incarcerated." Knight v. Grossman, 942 F.3d 336, 342 (7th Cir. 2019). To establish such a claim, the prisoner must show that the defendant "acted with deliberate indifference to his right to refuse medical treatment." *Id*. at 343. "Neither negligence nor gross negligence is enough to support a substantive due process claim, which must be so egregious as to 'shock the conscience.'" *Id*. (citation omitted). The allegation that the defendants forcibly medicated him even though they knew he didn't need Narcan because he wasn't under the influence of drugs states a claim upon which relief could be granted against these defendants.

Mr. McCants says he was placed in a holding cell until a drug counselor could see him. During that time he alleges Nurse Webster didn't provide him treatment for lice or scabies. Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005).

Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks and brackets omitted).

This complaint doesn't plausibly allege Mr. McCants had a serious medical need. "[Not] every ache or pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim . . .." Gutierrez v. Peters, 111 F.3d 1364, 1372 (7th Cir. 1997). Neither lice[1] nor scabies[2] are medical emergencies. Inmates are "not entitled to demand specific care," Walker v. Wexford Health Sources, Inc., 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997). The allegation that Nurse Webster didn't immediately treat him for this medical condition on October 11, 2020, doesn't state a claim upon which relief can be granted.

Finally, Mr. McCants alleges Nurse Webster disclosed private medical information about him. It isn't clear what she disclosed, nor to whom. What is clear is this allegation does not state a claim. *See* Stewart v. Parkview Hosp., 940 F.3d 1013, 1015 (7th Cir. 2019) ("HIPPA confers no private right of action.").

For these reasons, the court:

---

[1] Body Lice, National Library of Medicine, https://medlineplus.gov/bodylice.html.
[2] Scabies, National Library of Medicine, https://medlineplus.gov/scabies.html.

3

(1) GRANTS Keith R. McCants leave to proceed against Nurse Suezanne Webster and Correctional Officer Almon in their individual capacities for compensatory and punitive damages for forcibly medicating him in violation of the Fourteenth Amendment on October 11, 2020, even though they knew he did not need Narcan because he was not under the influence of drugs;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Correctional Officer Almon at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 2);

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Suezanne Webster at Wexford of Indiana, LLC, with a copy of this order and the complaint (ECF 2);

(5) ORDERS the Indiana Department of Correction and Wexford of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Nurse Suezanne Webster and Correctional Officer Almon to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on January 25, 2022

                                                                            s/ Robert L. Miller, Jr.
                                                                            JUDGE
                                                                            UNITED STATES DISTRICT COURT