UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEITH R. McCANTS,<br><br>            Plaintiff,<br><br>    v.<br><br>SUEZANNE WEBSTER, et al.,<br><br>            Defendants.<br>. | CAUSE NO. 3:21-CV-673-RLM-MGG |

OPINION AND ORDER

Keith R. McCants, a prisoner without a lawyer, is proceeding in this case against Nurse Suezanne Webster and Correctional Officer Antonio Allmon "in their individual capacities for compensatory and punitive damages for forcibly medicating him in violation of the Fourteenth Amendment on October 11, 2020, even though they knew he did not need Narcan because he was not under the influence of drugs[.]" ECF 9 at 4. Nurse Webster and Officer Allmon filed separate motions for summary judgment. Both summary judgment motions are now fully briefed and ripe for ruling.

**FACTS**

On October 11, 2020, Mr. McCants complained to a correctional officer that he had swelling in his right leg that he believed was caused by a parasitic infection. Mr. McCants was escorted to Nurse Webster's office, where he saw Officer Allmon and another correctional officer. Mr. McCants told Nurse

Webster he felt crawling sensations and believed he had a parasitic infection.[1] Mr. McCants told Nurse Webster she could look and see the parasites, but Nurse Webster inspected Mr. McCants and saw no parasites. Nurse Webster reviewed Mr. McCants' medical records and noted he had tested positive for amphetamines six days earlier.[2] She told Mr. McCants she believed he was high on drugs. Mr. McCants protested he wasn't high and offered to take a drug test, but Nurse Webster responded she was aware of K2, a synthetic marijuana that doesn't show up on drug screens. At this point, the interaction between Mr. McCants and Nurse Webster became heated, and Mr. McCants cursed at Nurse Webster and pulled away from her as she took his vitals. As a result, Nurse Webster feared for her safety and stopped her assessment of Mr. McCants. She returned to her desk and told Officer Allmon to administer two doses of Narcan to Mr. McCants. Officer Allmon administered the Narcan per Nurse Webster's instructions, and Mr. McCants was moved to a holding cell for observation. Mr. McCants was kept in the holding cell to await a drug counselor, but was eventually returned to his cell when he refused to see the counselor. The next day, Mr. McCants tested positive for amphetamines and was written up.

---

[1] Nurse Webster attests that Mr. McCants complained to her of "'white things coming out of his body," which Mr. McCants disputes. But Mr. McCants agrees he complained to Nurse Webster of crawling sensations on his body caused by a parasitic infection.

[2] Mr. McCants doesn't dispute that he tested positive for amphetamines on October 5, but argues this evidence isn't relevant. ECF 83-1 at 11. The evidence is relevant to Nurse Webster's knowledge when she decided to administer Narcan on October 11.

2

Inmates have a Fourteenth Amendment due process liberty interest in "refusing forced medical treatment while incarcerated." Knight v. Grossman, 942 F.3d 336, 342 (7th Cir. 2019). To establish a claim, the prisoner must demonstrate that the defendant "acted with deliberate indifference to his right to refuse medical treatment." *Id.* at 343. "Neither negligence nor gross negligence is enough to support a substantive due process claim, which must be so egregious as to 'shock the conscience.'" *Id.* (citation omitted). A prisoner's right to refuse medical treatment can be overridden by "a prison regulation that is reasonably related to legitimate penological interests." *Id.*; *see also* Russell v. Richards, 384 F.3d 444, 447-50 (7th Cir. 2004) (concluding inmate's liberty interest in refusing unwanted medical treatment of delousing shampoo was overridden by jail policy designed to address legitimate interest in avoiding outbreaks of lice). "[I]f legitimate penological interests dictate that a particular treatment must be administered even if the prisoner would have refused it, then . . . there is no constitutional right to refuse treatment." Knight v. Grossman, 942 F.3d. at 343 (quoting Pabon v. Wright, 459 F.3d 241, 252 (2d Cir. 2006)).

No reasonable jury could conclude that Nurse Webster or Officer Allmon violated Mr. McCants' Fourteenth Amendment rights by administering Narcan. Regarding Nurse Webster, it is undisputed Mr. McCants reported to Nurse Webster he felt a "crawling sensation" on his body and believed he was experiencing a parasitic infection, but Nurse Webster didn't see any parasites on Mr. McCants' body. It's undisputed that Nurse Webster learned from Mr.

3

McCants' medical records that he had tested positive for amphetamines less than a week before. Nurse Webster attests that, as a result of Mr. McCants's complaint, the lack of evidence supporting his complaint, her knowledge of his history of drug use, and his threatening posture and heightened aggression during the visit, she believed he was under the influence of intoxicants, possibly including opioids. ISP Directive 20-03, regarding the administration of Narcan, provides that "[i]f doubt exists regarding the offender's level of consciousness or source of intoxication, Narcan should still be administered, as it has no significant adverse effects." *See* ECF 73-4 at 2. Thus, even accepting as true Mr. McCants' assertion he had not taken any drugs on October 11, Nurse Webster's decision to administer Narcan as a precautionary measure to ensure his health and safety was not so egregious as to "shock the conscience." *See* Knight v. Grossman, 942 F.3d at 343; Est. of Miller by Chassie v. Marberry, 847 F.3d 425, 428 (7th Cir. 2017) ("Rogers was not obliged to believe Miller's assertion that he had a brain tumor and a lower-bunk pass. Prisoners can be manipulative, using deceit to obtain advantages; guards are accordingly entitled to be skeptical"). Mr. McCants argues that he didn't show any clinical indications of opioid intoxication as set out in ISP Directive 20-03, but this shows at most that Nurse Webster was negligent, not deliberately indifferent, for believing he was on opioids and administering Narcan. *See* Knight v. Grossman, 942 F.3d at 343 ("Neither negligence nor gross negligence is enough to support a substantive due process claim"). Accordingly, even when construing the facts in the light most favorable to Mr.

4

McCants, no reasonable jury could conclude Nurse Webster was deliberately indifferent to Mr. McCants's right to refuse treatment by administering Narcan on October 11.

No reasonable jury could conclude that Officer Allmon violated Mr. McCants' Fourteenth Amendment rights by administering Narcan because it is undisputed that Nurse Webster, not Officer Allmon, made the decision to administer the Narcan. Because Officer Allmon isn't a medical professional, he was justified in deferring to Nurse Webster's decision to administer Narcan. *See* Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005) ("If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands") (quoting Spruill v. Gillis, 372 F.3d 218, 236 (3rd Cir. 2004)). Because Officer Allmon reasonably relied on Nurse Webster's expertise in determining to administer Narcan to Mr. McCants, no reasonable jury could conclude he acted with deliberate indifference to Mr. McCants' right to refuse treatment. *See* Knight v. Grossman, 942 F.3d at 343.

For these reasons, the court:

(1) GRANTS Officer Allmon's summary judgment motion (ECF 66) and Nurse Webster's summary judgment motion (ECF 73); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Keith R. McCants and to close this case.

5

SO ORDERED on June 21, 2023

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT